## William R. Brown v. The People.

*Rape: Complaints of prosecutrix.* On a trial for rape, the admission in evidence of the statement of the sister of the prosecutrix, that the latter made complaint to her the next morning that the prisoner on trial and another person named forced her in her chamber the evening before, is held not error.

BROWN v. PEOPLE.

_Rape: Force: Resistance: Consent._   Where on a trial for rape the act of intercourse is admitted, and the vital question is, whether it was by force and against the will of the prosecutrix, the jury must be satisfied beyond a reasonable doubt that she did not yield her consent during any part of the act; and considering the place, time, occasion and surrounding circumstances disclosed by this case, it was important the jury should scrutinize the facts bearing on this point very closely.

_Rape: Charge to the jury: Yielding: Assent: Resistance._  A charge to the jury in a rape case, that if they should find respondent used force, and complainant resisted so far as she was able to under the circumstances, they should find him guilty, even though they found she at last yielded, is held erroneous and misleading; the term "circumstances," as here used, may have been understood as including weakness of the will; and the term "yielded," as meaning an assent to the consummation or completion of the act; and if there was a yielding in that sense, there was no case to support a verdict of guilty.

_Charge to the jury: Hypothesis not supported by evidence._   The evidence on the part of the people being that the prosecutrix never yielded, and that on the part of the accused that she made no resistance, but assented from the beginning, there was no basis for a charge on the hypothesis of her having first made resistance but afterwards yielded.

_Heard April 3.     Decided April 10._

Error to St. Joseph Circuit.

· (O. J. Fast, S. C. Coffinberry_ and _J. B. Shipman,_ for plaintiff in error.

·Otto Kirchner, Attorney General,_ for the People.

·GRAVES, J:

Plaintiff in error was lately convicted of the crime of rape, ·charged to have been committed in the evening of June 29, 1876, on Mary Jane Miller, who was between seventeen and ·eighteen years of age.   She had· been residing with her ,parents near Burr Oak, but some ten days or a fortnight ·before this occurrence had been taken into the family of Mr. Henry W. Laird to do housework for wages.   A married sister, Mrs. Baker, resided within about a half a mile.

At the time in question Mr. Laird's family embraced .several young men engaged as farm hands, and among them were his two sons, the plaintiff in error, and two others.

The prosecutrix alleged that on the evening mentioned ιshe went to her bed-room up stairs, fastened the door,

retired to bed and soon fell asleep, but awoke in a short time and found plaintiff in error in bed with her, and that he then and there outraged her.

The details of her relation need not be repeated here. She further alleged that plaintiff in error, after consummating the act, left, and that in a very short time Gilbert Laird also entered the room and forcibly violated her person; that she made no attempt to leave the room and made no outcry; that she went to her sister's, Mrs. Baker's, the next morning, and made complaint.

The plaintiff in error and Gilbert Laird respectively admitted the acts of intercourse, but claimed they were with her assent or acquiescence. The case depended upon whether she was forced or not. There was no other question in dispute. An objection is made that the court allowed Mrs. Baker to relate the particulars detailed to her by the prosecutrix when complaining to her the next morning. In view of the shape assumed by the case and the character of the testimony of Mrs. Baker, of which complaint is made, I think the objection hardly tenable.

As reported in the record, Mrs. Baker barely testified that the prosecutrix claimed that the plaintiff in error and Gilbert Laird forced her the evening before in her chamber. It may be that a statement of this kind might not be proper in some cases, but I am not prepared to say it was error to admit it here. There is no occasion to dwell upon it.— *Burt v. The State, 23 Ohio St., 394.*

As already observed, the vital question for the jury was, whether the admitted act of intercourse was by force and against the will of the prosecutrix, or whether, on the other hand, it was by her will and consent. The jury were required to be satisfied beyond a reasonable doubt that there was no consent by the prosecutrix during any part of the act, before they could find the plaintiff in error guilty. And considering the place, the time, occasion, and the other circumstances disclosed by the record, it was very important that the jury should scrutinize the facts bearing on this

point very closely.—*Com. v. McDonald, 110 Mass., 405; State v. Burgdorf, 53 Mo., 65; People v. Brown, 47 Cal., 447.*

The circuit judge gave several instructions on this part of the case, and most of which were unobjectionable. One, however, in view of the facts, was improper and misleading. It was in these terms: "If you find that respondent used force, and that the complaining witness resisted so far as she was able to under the circumstances, you should find him guilty, even if you should find that the complaining witness at last yielded."

In the first place this charge is not clear. What was intended to be included in the term "circumstances" as something to prescribe limits to resistance or excuse further resistance, is not very certain. The jury may have taken the expression as including weakness of the will. Again, the term "yielded," as here used, is not free from ambiguity. The jury may have regarded it as meaning an assent to the consummation or completion of the act. And if there was a yielding in that sense, there was no case to support a verdict of guilty. A further objection to this instruction is, that there was no evidence which fairly authorized it.

The evidence on the part of the people was that the prosecutrix never yielded, and that given by the plaintiff in error was that she made no resistance, but, on the contrary, assented from the beginning. There was hence no basis in the evidence for the hypothesis contained in this charge.

Some other points are suggested, but they are not important. For the error in the charge, the judgment must be reversed and a new trial ordered. An order will be entered also for the surrender of the defendant to the sheriff of the county of St. Joseph, in order to allow such further proceedings as may be necessary.

The other Justices concurred.