## HENRY MAILLET v. PEOPLE.

*Rape—Evidence of compulsion—Disclosures—Error to be affirmatively shown in criminal cases—Unwarranted requests for instructions.*

In a prosecution for rape the complaining witness may show that the accused is her father and a man of great strength, and had been abusive to his family and often beaten his wife, and that at the time of the outrage he was in liquor and she in great fear.

In a prosecution for rape, a question to the complaining witness as to whether she had told the priest or any one else of the outrage, is not objectionable.

Whether it would be error to allow the prosecutrix on a charge of rape to state what she had told to others about the affair when she first disclosed it—*Q.*

Error must be affirmatively made out in criminal as well as civil cases; it cannot be based on a misapplication of the judge's remarks that would exclude evidence that they were not intended to affect, particularly if the ambiguity is the fault of counsel in not making their offer of proof explicit.

Where respondent's requests to charge are inconsistent with the theory of the prosecution and the evidence which supports it, and are based on a different hypothesis unsupported by evidence, they are properly refused.

In a rape case an instruction that the time at which the victim made complaint of the outrage is a relevant circumstance "as tending to prove the truth of the charge, for the reason that it is natural for the woman ravished to make complaint as soon as possible," is not open to the objection that it makes the time of complaint a circumstance to corroborate the accusation but not to weigh against it.

Error to Manistee. Submitted Oct. 29. Decided Nov. 29.

RAPE. Respondent was convicted below.

*Morris & Nelson* for plaintiff in error. The prosecutrix for rape may be asked whether she made complaint of the outrage, and when and to whom, but not what she had stated in making it, *Phillips v. State,* 9 Humph., 246; *People v. McGee,* 1 Den., 18; *Reg. v. Megson,* 9 C. & P., 420; *Rex v. Clarke,* 2 Stark., 241; *Baccio v. People,*

41 N. Y., 265; *Pefferling v. State*, 40 Tex., 486; *People v. Graham*, 21 Cal., 261; *Lacy v. State*, 45 Ala., 80; *Thompson v. State*, 38 Ind., 39; *State v. Richards*, 33 Ia., 420; *State v. Shettleworth*, 18 Minn., 209; 3 Greenl. Ev., § 213; 1 Russ. Crimes, 689, n; 2 Archb. Cr. Pr., 1004, n; Rosc. Crim. Ev. (7th Am. ed.),25.

*Louis E. Morris*, Prosecuting Attorney for Manistee county, for the People. A prosecutrix for rape can testify to whom she made complaint of the outrage, *McCombs v. State*, 8 Ohio St., 643; the rule that the particulars of her complaint cannot be shown on her direct examination is condemned in *Reg. v. Walker*, 2 Mood. & R., 212; and is overruled by *Laughlin v. State*, 18 Ohio 99; *Johnson v. State*, 17 Ohio, 593; *State v. Dewolf*, 8 Conn., 93; *State v. Peter*, 14 La. Ann., 521.

GRAVES, J. The jury found the plaintiff in error guilty of rape upon Ellen Maillet, a girl between fifteen and sixteen years of age, and he was sentenced by the circuit judge to imprisonment for a term of years. He complains of rulings on his trial.

The girl was allowed to testify that the prisoner was her father; that he was a man of great strength, had been abusive to his family, and had many times beaten her mother; that he was in liquor when he outraged her, and that she was frightened and in great fear of him. Many particulars were given.

The admission of this evidence requires no discussion. The principles justifying such evidence have been fully explained and illustrated in this court. It was proper to lay before the jury the natural and actual relations between the accused and the prosecutrix, and also such other facts as bore fairly upon the accusation. Without such aids the charge could not be intelligently investigated. They were necessary clues to truth. *Strang v. People*, 24 Mich., 1; *People v. Lynch*, 29 Mich., 274, 288; *Turner v. People*, 33 Mich., 363; *Rogers v. People*, 34 Mich., 345.

The prosecutrix was asked if she told the priest or any one else about the affair, and if so, who it was she told, and what she said; and this was objected to as irrelevant and immaterial. In overruling the objection the judge remarked that it was competent to show when she first made complaint, and to whom and what she said. An exception having been taken an argument is now made which is not authorized by the record.

It is assumed that on this ruling being made, the witness proceeded to repeat before the jury the details embraced in her alleged disclosure to the priest and her mother; but this is not so. And whether such a repetition, had it been made in this case, would have justified an exception (*People v. Lynch*, supra, 280, top; *Brown v. People*, 36 Mich., 203), a point upon which we express no opinion, it is quite enough that her answer, as given, went no further than to convey that she informed the priest, and at a later time and after an offer to repeat the injury, her mother also. This evidence was not objected to; neither was it worthy of objection.

During her cross-examination the prosecutrix testified that on her leaving the priest's on the occasion when he told her to make a complaint, she found her mother in front of the lumberman's store waiting to find out what the priest wished in sending for her. The judge interposed by saying that he thought this was entirely immaterial. The prisoner's counsel claimed that it bore on the girl's credibility, and in support of that view added that he intended to prove that the girl did not make the accusation on account of anything the priest had told her, "but on account of what she and her mother made up before." The circuit judge repeated his opinion and the defense took an exception.

After an attentive examination of the record we are not able to construe this ruling as intended to apply to anything beyond the statement which first prompted the judge to interfere: and while we think that that statement might with great propriety have been allowed

to pass without comment, we are not able to hold that the opinion expressed by the judge upon it was erroneous. The defense made no formal offer of evidence, and we infer that the circuit judge did not understand that one was involved in the remark of counsel. The object of attention was the statement of the girl about her mother's waiting to find out what the priest wanted. This it was which called out the interchange of expressions, and the remark of the counsel concerning his purpose to prove a conspiracy was designed to present a reason in favor of the materiality of the girl's statement, which was in question, and was not shaped or apparently meant as a tender of evidence.

Hence, after a careful scrutiny of the record, we cannot say the circuit judge decided, or was understood as deciding, that it would not be competent for the defense to show that the prosecution was the result of a conspiracy between the mother and daughter to make the accusation.

It is no less necessary in criminal than in civil cases that error be made out affirmatively, and it cannot be shown by forcing the scope and application of observations at the trial concerning evidence, where the complaining party is properly responsible for whatever lack of clearness may be discovered. If it was the purpose of the prisoner's counsel to tender evidence to show a conspiracy, it was due to the judge and to the administration of justice to do it in such terms and under such circumstances that with proper attention to the proceedings there could be no reasonable excuse for misapprehension at the trial or any serious question of construction of the record.

The requests on behalf of the accused were properly denied. They exclude an indispensable consideration. The prosecution maintained that owing to the relations of the accused to the prosecutrix, and his ways of violence, and the fact that he was in liquor; together with the other circumstances put in evidence, her ability to offer much physical resistance was paralyzed by terror,

and that she was consequently overcome by the combined operation of the fear he excited and the actual violence he employed. And on this theory the case was strong, and it was the only theory on which a conviction could be fairly urged. These requests, however, ignored it and desired the case to be submitted on a hypothesis which was foreign to it. The giving the requests would have been tantamount to a direction to disregard the case made by the People, and to acquit the prisoner. The ruling in *Strang v. People,* supra, directly applies.

In the course of the charge the judge told the jury that the time of making complaint of such an injury was a circumstance considered relevant "as tending to prove the truth of the charge, for the reason that it is natural for the woman ravished to make complaint as soon as possible thereafter." Complaint is made of this passage as misleading. It is objected that the expression used makes the time of complaint a circumstance to corroborate the charge, but never to militate against it.

This criticism will hardly bear examination. The concluding part of the proposition refutes the construction. In saying that an early complaint would be natural in a true case, the judge said substantially that delay would be an unfavorable circumstance. It would be an imputation on the good sense of the jury to suppose they may have understood the charge as meaning that the time of complaint was of no importance except as evidence in favor of the truth of the accusation. As every person capable of reasoning must see at once the absurdity of such a notion, the case would have to be a strong one to warrant belief that a jury had been led to accept and act upon it.

We find nothing further among the points insisted on worthy of mention. The whole case is really covered by principles laid down in former decisions.

As no error is shown the judgment must be affirmed.

The other Justices concurred.