STATE OF IOWA V. ORRIS WOLF, Appellant.

Appeal:  ABSTRACT OF EVIDENCE ON SECOND APPEAL:  An abstract
1    of the evidence presented on the first appeal will not be con-
     sidered as the abstract on the second appeal, though the evi-
     dence is the same.

Prosecution for Rape:  COMPLAINT OF INJURED PARTY:  HOW CON-
2    SIDERED: INSTRUCTION.  On a prosecution for rape, the fact
     that the injured female makes no complaint for some time
     after the injury, is proper to be considered by the jury as affect-
     ing her credibility, and an instruction which fails to plainly
     state the rule or emphasizes possible excuses is erroneous.

*Appeal from Poweshiek District Court.*—HON. W. G.
CLEMENTS, Judge.

FRIDAY, DECEMBER 19, 1902.

DEFENDANT was indicted with others for assaulting and
ravishing a female over the age of consent.  They were
tried jointly, and a conviction was reversed in this court.
See 112 Iowa, 458.  This defendant alone was then tried,
and convicted of assault with intent to commit rape, and
from sentence therefor he now appeals.—*Reversed.*

*W. R. Lewis* for appellant.

*Chas. W. Mullan* Attorney General, and *Chas. A.
Van Vleck*, Assistant Attorney General, for the State.

McCLAIN, J.—The second trial was had on the same
evidence as that which was introduced on the first trial,
and appellant asks that the abstract of the evidence pre-
sented on the first appeal be considered as an
abstract th reof for this appeal.  We know of
no statute or rule authorizing us to thus refer
to the record on the former appeal for the purpose of

determining the questions on the second appeal in the same case, even though it may be clear that the evidence introduced on the second trial was the identical evidence used on the first trial. As at present advised, we are not willing to adopt any such rule of procedure. What purports to be the abstract on the present appeal does, however, contain a brief synopsis of what it is claimed the evidence on the trial tended to prove and the instructions given, and we think that there is a sufficient record to enable us to pass upon the assignments of error as to the instructions, which are the only assignments presented.

The assignments raise only one question, and that is as to the correctness of an instruction with reference to the consideration to be given by the jury to the fact that

2. PROSECU-TION for rape: complaint of injured party: instruction.

the female upon whom the assault was committed made no complaint thereof until some considerable time after the occurrence. It appears from the record that she was a witness in behalf of the state to prove the commission of the crime, and, further, that after the alleged assault she returned to the place where she had been working, and continued there without complaint to any one as to the injury claimed to have been done her, and without reference thereto on her part, until, several days after the occurrence, she was interviewed in regard thereto by her mother, who had heard from others of the supposed outrage, and that in this interview prosecutrix said the defendants had done nothing bad to her, although in her testimony she denied having made any such statement. It is also stated in the record that prosecutrix failed to give any explanation in her testimony of her failure to make complaint of the alleged wrong.

It was therefore proper for the court to give an instruction to the effect that the jury might consider the failure of prosecutrix to make complaint as affecting the credibility of her testimony, and in connection therewith might consider

any excuse, if any appeared, why such complaint was not made; for the failure to make complaint does not render the testimony of prosecutrix inadmissible, but is a circumstance for the jury to consider as affecting the credit to be given to it (*State v. Snider*, 119 Iowa —); and, while the cases on the subject relate generally to the admissibility and weight of the evidence as to the complaint itself, yet the courts have recognized without question the doctrine that entire failure to make complaint is a circumstance which may be taken into account as an independent fact to affect the testimony of the prosecutrix as to the commission of the crime upon her (*People v. Gage*, 62 Mich. 271, (28 N. W. Rep. 835, 4 Am. St. Rep. 854); *Oleson v. State*, 11 Neb. 276 (9 N. W. Rep. 38, 38 Am. Rep. 366); *Whitney v. State*, 35 Ind. 506). The failure to make complaint as a fact is not to be shown as bearing directly on the question of defendant's guilt or innocence, but only as affecting the credibility of the testimony of prosecutrix; and, if the injured female does not testify by reason of death, imbecility, or some other cause, the fact of complaint or want of complaint cannot be shown. *State v. Wheeler*, 116 Iowa, 212; *Hornbeck v. State*, 35 Ohio St. 277 (35 Am. Rep. 608); *State v. Myers*, 46 Neb. 152 (64 N. W. Rep. 697, 37 L. R. A. 423); *Welden v. State*, 32 Ind. 81; *Johnson v. State*, 17 Ohio, 593.

The defendant asked instructions as to the consideration to be given by the jury to the failure of the prosecutrix to make complaint, and the court gave the following, which was the only instruction on the subject: "The testimony furnishes no evidence of complaints by the prosecutrix, Mary A. Dale, of the outrage claimed to have been committed on her; and the law does not absolutely require her to do so, and furnishes us no fixed rule to be governed by, but, relying on the peculiar facts and circumstances surrounding each case, to determine whether failure to complain by the women claimed to have been outraged

should be considered for or against her statements. The fact that she made no complaint of the alleged injury is a circumstance which tends strongly to rebut the hypothesis of guilt; yet it is by no means conclusive. While it is naturally to be expected that an honorable and virtuous woman will at once make known an assault on her virtue, yet what a woman should do in the situation in which the prosecutrix, Mary A. Dale, was placed, cannot be determined by any fixed rule of law. Perhaps no two women would do the same thing. The age of the prosecutrix is always to be considered. The dread of being found or knowing to have been, in a loathsome place and shameful and disgraceful surroundings, with honor and virtue assailed, might induce a modest and virtuous woman to rely on other means to escape from the humiliation and shame than to publicly, or, indeed, privately, make known her troubles. Such acts must necessarily be followed by a feeling of excitement, coupled with humiliation and shame; and time might elapse before an honorable and virtuous woman would be able to comprehend its gravity, or enable her to determine what course of right ought to be adopted by her. Hence it is that the law submits the facts in each case to the sound judgment of a jury, to be considered by them in the light of all the facts and circumstances surrounding the parties at the time; and you should give the facts and circumstances such force and effect as they may be fairly entitled to in determining the truth of the issues involved,—that is, the guilt or innocence of the defendant."

Before discussing this instruction in detail, it may be proper to say that it is the same as the instruction given on the first trial, which is referred to in the fourth division of the opinion on the first appeal, with the exception that on the second trial the second sentence of the instruction as above set out was inserted. On that appeal doubt was expressed as to the correctness of the instructhion, and we

have to determine whether the instruction as now presented was a correct and sufficient statement of the law on the subject. We are compelled, after careful deliberation, to say that the instruction as given on the second trial was neither correct nor sufficient. In the first place, the sentence which was added is not a proper statement of the rule of law. Failure to make complaint does not tend to rebut the hypothesis of guilt, but may be considered only as affecting the credibility of the testimony of prosecutrix. In the second place, the instruction nowhere states the rule, which the court should have given, that failure to make complaint is to be considered as a circumstance tending to discredit the testimony of prosecutrix as to the wrong committed upon her, but states merely, in a vague and indirect way, that the failure to make complaint is to be considered by the jury "for or against her statements;" and it is impossible to extract from the whole instruction any information which would be intelligible to a jury as to what effect should be given to such failure with reference to the credibility of the testimony of prosecutrix. In the third place, the instruction is objectionable in that, by emphasizing the excuses which might exist for failure to make complaint, it practically encourages the jury to disregard that fact as seriously affecting the weight of the testimony.

It is not necessary to quote at length from the cases in which the sufficiency of the excuses offered for delay in making complaint have been considered. An examination of them will show that fear of threatened violence and want of suitable opportunity are the excuses which have been recognized; and, while the sufficiency of the excuse, or the effect of want of complaint without excuse, as affecting the credibility of the testimony of prosecutrix, is for the jury, yet the courts have uniformly recognized delay without a reasonable excuse as a circumstance to which the jury should give great weight and serious

consideration. *State v. Witten*, 100 Mo. 525 (13 S. W. Rep. 871); *State v. Peter*, 53 N. C. 19; *Higgins v. People*, 58 N. Y. 377; *Maillett v. People*, 42 Mich. 262 (3 N. W. Rep. 854); *Topolanch v. State*, 40 Tex. 160; *Dunn v. State*, 45 Ohio St. 249 (12 N. E. Rep. 826). We think the instruction given was, therefore, erroneous, and prejudicial to the defendant, in not stating to the jury the rule as to the effect of want of complaint, and also in overstating the effect which they should give to the real or imaginary excuses suggested by the instruction as offsetting the discredit to the testimony of prosecutrix involved in her failure to make any complaint whatever. A new trial is therefore ordered.—REVERSED.