HOWARD D. LOWBER, plaintiff in error, *vs*. THE STATE OF DELAWARE.

1. CRIMINAL LAW—EVIDENCE—COMPETENCY—DEFENDANT'S VERSION OF CONVERSATION.

Accused may not only deny having made statements testified to, claimed to constitute a confession, but may give his version of the conversation.

2. CRIMINAL LAW—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Defendant having denied the commission of the offense, testified to by prosecutrix, and the statements, impliedly admitting guilt, testified to by four witnesses, exclusion of his version of what was said at the time of the alleged statements was harmless.

(*February* 28, 1917.)

BOYCE, J., sitting below.

*Josiah O. Wolcott*, Attorney General, for the state.

*Thomas C. Frame, Jr.*, and *Daniel O. Hastings* for accused.

Court of General Sessions, Kent County, February Term, 1916.

INDICTMENT, No. 7, February Term, 1916.

Howard D. Lowber was indicted for violation of *Rev. Code*

1915, § 4709, against using, etc., a female under the age of eighteen years, for immoral purposes.   Verdict guilty.   Motion in arrest of judgment denied.   Accused brings error.   Affirmed.

The prosecutrix testified that the accused had sexual intercourse with her on or about the fifteenth day of August, A. D. 1916.   Four several witnesses for the state testified in corroboration of the prosecutrix concerning certain conversations subsequently had with and statements made by the accused, which statements directly, or inferentially by failure to deny guilt, amounted to admissions of guilt.   There was proof that the prosecutrix was under the age of eighteen at the time the offense was committed.   The accused offered himself as a witness, and he specifically denied the act charged as well as the statements detailed by the four several witnesses.   He introduced testimony to the effect that his general reputation for chastity and morality was good, and likewise to show that the general reputation of the prosecutrix and some of the other witnesses for truth and veracity was bad.   In rebuttal the state introduced testimony sustaining the general reputation of the prosecutrix and the other witnesses, also testimony showing that the general reputation of the accused for chastity and morality was bad.

On the evidence under the usual charge of the court, the jury found a verdict of guilty.   Motion in arrest of judgment was denied, and the accused was sentenced.   Whereupon, he having filed a supersedeas bond and a praecipi for writ of error with the clerk of the Supreme Court, the accused was released from custody.   Error issued, and subsequently a bill of exceptions was taken.

The single error assigned is based upon the ruling of the court below in refusing to allow the accused, in his direct examination, to tell the *entire* conversation which he had with Florence Anderson, one of the four witnesses for the state, and is confined to the questions, answers, objections, and ruling of the court contained in the opinion of the court.

All the testimony of Florence Anderson was presented to the accused and he was allowed to specifically answer and deny the

same, before he was asked to state the entire conversation "to
show the *contrast* between what he says occurred and what she
said occurred." No similar attempt was made by the accused to
elaborate his denials of admissions testified to by the other three
witnesses.

Argued before CURTIS, Chancellor, PENNEWILL, C. J., and
CONRAD, RICE and HEISEL, Associate Judges.

It was contended for the accused that he had a right to place
before the jury his own version of any confession introduced in
evidence by the state, whether for the purpose of adding to,
explaining or contradicting the same. 1 *Greenl. Ev.* § 218; 2
*Whart. Crim. Ev.* 1289, 1300. That it is not enough to permit
accused only to deny that he said the exact words testified to;
for he may not have said just what was testified to, or, if he did,
it may have been qualified, or otherwise weakened by the rest of
the conversation. *Carver v. U. S.*, 164 *U. S.* 694, 17 *Sup. Ct.* 228
41 *L. Ed.* 602; *Diehl v. State*, 157 *Ind.* 549, 62 *N. E.* 51; *People v.
Yeaton*, 75 *Cal.* 415, 17 *Pac.* 544. That the court below excluded
the evidence of the accused as to his version of the conversation
testified to by Florence Anderson apparently upon the theory
that, having denied that he said the words attributed to him, he
could not go any further. That it is not necessary to state what
is expected to be proved, if it clearly appears that the question
admits of a favorable reply. *Buckstaff v. Russell*, 151 *U. S.* 626,
14 *Sup. Ct.* 448, 38 *L. Ed.* 292; *Calvert County v. Gantt*, 78 *Md.*
286, 28 *Atl.* 101, 29 *Atl.* 610; *Stanley v. Beckham*, 153 *Fed.* 152.,
82 *C. C. A.* 304. That in considering whether the rejection of
competent evidence offered constitutes reversible error, the test
is whether such evidence is material to the defense. *People v.
Wood*, 126 *N. Y.* 249, 27 *N. E.* 362. That the rule respecting
technical error or harmless mistake, as being insufficient to con-
stitute reversible error, recognized in *Fisher v. State*, 1 *Pennewill*,
388, 41 *Atl.* 184, is inapplicable when testimony prejudicial to
the accused is admitted, or testimony material to his defense is
excluded. That the right of the accused to place before the jury

his version and explanation of the conversations testified to by
the four witnesses was the vital point of his defense. That it
cannot be successfully contended that the accused had an oppor-
tunity to deny the admissions said to have been made by him
and did, as a matter of fact deny them, and that, therefore, he
was not prejudiced by not having been permitted to give his ver-
sion of the conversations. That it is impossible to say positively
what effect the excluded evidence might have had upon the jury,
or that the accused was not prejudiced by its exclusion.

In reply it was insisted by the state (1) that the court below
did not err in refusing to allow the accused to give an account of
the *whole* conversation when the incriminating part thereof has
been presented in toto and almost in *hæc verba* to the accused,
who categorically denies the same, and (2) if there was error, it
was harmless. That the whole of a conversation is admissible in
evidence only for the purpose of rebutting, explaining or modify-
ing the portion that has already been introduced in evidence. 3
*Wigm. on Ev.* § 2113 (*b*); 1 *Chamb. on Ev.* 496 (2); *Thomas v.
Young*, 81 *Conn.* 702, 71 *Atl.* 1100; *Com. v. Antaya*, 184 *Mass.*
326, 68 *N. E.* 331.

The whole of a conversation should be detailed where a por-
tion may if left alone without its context create a false or erroneous
impression, or when the words employed, were uttered under
excitement, or by fraud or what not. *People v. Yeaton*, 75 *Cal.*
415, 17 *Pac.* 544.

The accused having denied that he had such a conversation
with Florence Anderson, there was nothing for him to explain or
modify, and any other conversation would be immaterial. Hav-
ing denied that the inculpatory conversation occurred, nothing
else was admissible.

The case of *Carver v. U. S.*, 164 *U. S.* 694, 17 *Sup. Ct.* 228,
41 *L. Ed.* 602, is not in point for the reason that accused was
allowed to testify and in doing so he denied the conversation;
and the case of *Diehl v. State*, 157 *Ind.* 549, 62 *N. E.* 51, is dis-
tinguishable from this case. It is inconsistent in reason to think
that the accused having denied that the incriminating conversa-
tion took place could at the same time explain or modify the

same. If there was error, it was harmless in that it worked no injury to the accused under all the facts of the case. *Fisher v. State*, 1 *Pennewill*, 388, 41 *Atl.* 184.

The facts in *People v. Wood*, 126 *N. Y.* 249, 27 *N. E.* 362, wherein the rule was laid down that where the error is of a most important and predominating nature the judgment below will be reversed, cannot be said to demonstrate that the rejected evidence in the case at bar constitutes substantial prejudice.

Here the case was made out by the prosecutrix. She was corroborated by the four witnesses who testified to four separate admissions in the nature of confessions. The material thing was whether or not he made the admissions. He was allowed to specifically deny that he made them, and no matter how much in detail he may have described his conversation with Florence Anderson, the result would have been just as it was.

The overwhelming testimony in the case pointed to the guilt of the accused.

PENNEWILL, C. J., delivering the opinion of the court:

The plaintiff in error was convicted in the Court of General Sessions in and for Kent County, of a violation of *Section* 4709 of the *Code of* 1915, which makes it unlawful to take or use a female child under the age of eighteen years for the purpose of sexual intercourse.

[1] The only question argued before this court is raised by the exception to the ruling of the trial court which excluded certain evidence offered by the defendant.

The evidence of the state comprised the testimony of the prosecuting witness, that the defendant Lowber had sexual intercourse with her on August 15, 1915; and also the testimony of four witnesses respecting statements made to them on separate occasions by the defendant, which statements impliedly admitted that he had committed the act charged against him. The defendant denied the act charged as well as the testimony of the witnesses respecting the incriminating statements.

Florence Anderson, one of the four witnesses above mentioned, testified for the state as follows:

"On February 8, 1916, I sent for Rev. Lowber to come to my home, and he came, and I said, 'You have got Beulah in trouble;' and he said, 'What are you going to do about it?' and I said, 'I ought to ask you what you are going to do; you know you have been intimate with her;' and he said, 'You can defend her; I will defend myself;' and then he said, 'I will bear all expenses, and any time you whisper money to me I will give it to you, anything to keep this from getting out.'"

The defendant was examined and testified as follows:

"Did you hear her statement in regard to a conversation you had with her? A. I did. Q. On or about February 8, 1916? A. Yes. Q. You heard the entire statement made by her from that witness stand? A. I did. Q. Is it true? A. It is not. Q. She said in her examination that on February 8, 1916, 'I sent for the Rev. Lowber to come to my house, and he came, and I said, "You have got Beulah in trouble;" and he said (meaning you), "What are you going to do about it?" and I said, "You know you have been intimate with her;" and you said, "You (meaning Florence Anderson) can defend her; I will defend myself;" and then you said, "I will bear all expenses, and at any time you whisper money to me I will give it to you, anything to keep this from getting out."' Did you say that? A. I did not. Q. Did you have a conversation? A. I did. Q. With Florence Anderson? A. I did. Q. On or about February 8, 1916? A. I did. Q. Why did you go to her house? A. She sent for me. Q. Will you state to the court and jury the entire conversation that took place between you and Florence Anderson on that occasion, in relation to having had any sexual intercourse with Beulah Johnson, or getting Beulah Johnson in trouble?

"Mr. Wolcott: I object; the testimony of Florence Anderson is material only in that it contains an implied admission that this man had had intercourse with the girl. He denies that. That is material, but anything beyond that is not material.

"Mr. Frame: I want to show the contrast between what he says occurred and what she said occurred.

"Boyce, J.: We feel very clear that you have gone as far as you can. You have presented her testimony, and he denies it.

"(Exception noted for defendant.)"

It is solely upon this ruling that the appellant bases his claim to error and reversal.

It is contended that the statements as testified to by said four witnesses constituted an implied confession by the defendant, and such being the case he should have been permitted to give his recollection of what was said so that the jury might have all the evidence respecting the conversation and thus be better able to tell the meaning of the language used. It is true the defendant denied that he made the statements testified to by the state's witnesses, and it is not at all likely that any narration by him of what he did say would have availed him at the trial, or have added anything to his general denial.

It is possible that what he proposed to say might have been foreign to what he is represented to have said and therefore inadmissible as evidence. But he was not permitted to do anything more than deny that he made certain statements which the state put in evidence as a confession of his guilt. This court does not know, and cannot tell from the record what the defendant would have said the conversation was that the state claims to have been a confession The defendant admits that he was present on the occasion when the witness, Anderson says, he made the statements in question and he also admits he at that time made certain statements, but not those attributed to him. There is no law better settled than this:

"In the proof of confession, as in the case of admissions in civil cases, the whole of what the prisoner said on the subject, at the time of making the confession should be taken together." *Greenleaf on Evidence, Vol.* 1, § 218.

This learned writer also says:

"If one part of a conversation is relied on as proof of a confession of the crime, the prisoner has a right to lay before the court the whole of what was said in that conversation; not being confined to so much only as is explanatory of the part already proved against him, but being permitted to give evidence of all that was said upon that occasion relative to the subject-matter in issue."

The law upon this subject is very clearly stated also by Mr. Wharton in his work on *Criminal Evidence, Vol.* 2, 1299, 1300, in the following language:

"The exact words of the confession need not be proved, but the substance must be given; and the alleged confession must be offered in its entirety, including all that was said relating to the fact in dispute; and the accused, at the same time, may prove in explanation, the whole of what was said that may tend to modify or refute the confession."

Such being the law governing the proof of alleged confessions, and the statements in question being clearly in the nature of a confession, this court is of the opinion that the trial court erred in refusing to admit the testimony of the defendant as to what was said at the time the alleged statements were made.

It is very probable that if the defendant had testified that the conversation he had with Florence Anderson was very different from that sworn to by her, and in no wise indicated his guilt, the

jury would not have accepted his testimony against that given for the state by four disinterested witnesses. But no matter what might be its effect or weight it was nevertheless competent testimony, and should have been admitted for whatever it was worth.

[2] But even though the testimony was competent and admissible, the question remains: Was its rejection by the court so harmful and prejudicial to the defendant as to justify this court in reversing the judgment? In other words, was the refusal of the court to admit the testimony reversible error?

This court in the case of *Fisher v. State*, 1 *Pennewill*, 388, 41 *Atl.* 184, declared the law that should govern appellate courts in criminal cases, viz :

"It is not every error that will justify reversal, and it is not every mistake that may be made in the hurry of a trial court that will warrant the setting aside of the judgment of that tribunal.   *   *   *   *

"In this country it is a general rule in criminal cases that a new trial will not be granted for the erroneous admission or rejection of evidence, where it clearly appears that the defendant could not have been prejudiced thereby. If on the whole record it appears that justice has been done, and there appears no substantial misdirection of the court by which the prisoner's rights were injuriously affected, the court is not justified in reversing the judgment.

"When it appears from the record that the error alleged therein on behalf of the appellant could have worked no injury to him, and could not have changed the result, the judgment of the court below will be affirmed.   *   *   *   Courts now undertake to judge for themselves of the materiality of evidence found to have been improperly admitted or rejected, and when satisfied that no injustice has been done, and that the verdict would have been the same, with or without such evidence, they have refused a new trial."

Such was the law in this country at the time the decision was given in the Fisher Case, and it has been not only followed, but emphasized by the courts of last resort since that time.

Applying this law to the facts of the present case, the court are clearly of the opinion that a new trial should not be granted. The error complained of could not have been prejudicial to the defendant, because if the jury were unwilling to believe his general denial of the statements sworn to by the state's witnesses, it is not conceivable they would have credited anything he might have said modifying, contradicting or altering the sense of said statements. The prosecuting witness testified positively that the

defendant committed the offense charged in the indictment, four other witnesses for the state gave testimony respecting statements made by the defendant to them whereby he impliedly admitted his guilt. The defendant was sworn as a witness in his own behalf and denied that he committed the offense or made the incriminating statements. While the rejected testimony was in our opinion legally admissible, it is impossible to see how its admission could have added anything to the defendant's general denial or have produced any different result at the trial.

Being satisfied from an inspection of the entire record that no substantial right of the defendant was injuriously affected by any ruling of the court below, and that the admission of the rejected testimony would not have changed the result of the trial, this court are of the opinion that the judgment entered below should be affirmed.