JANUAR D. BOVE, Defendant Below, Plaintiff in Error, *vs.* THE STATE OF DELAWARE, Plaintiff Below, Defendant in Error.

(*July* 6, 1926.)

WOLCOTT, Chancellor, Pennewill, C. J., RICE, HARRINGTON and RICHARDS, J. J., sitting.

*Percy Warren Green* for Plaintiff in Error.

*James R. Morford*, Deputy Attorney-General, for Defendant in Error.

Supreme Court, Adjourned January Term, 1926.
No. 2, January Term, 1926.

Rice, J., delivering the opinion of the court:

Januar D. Bove, the plaintiff in error, was charged by the indictment with making an oral statement to one Leonard Shaw, threatening to accuse him of certain unlawful acts with the intent to extort money from Shaw, in violation of the provisions of *Section* 4804, *Rev. Code* of 1915. Upon his conviction, a writ of error was taken to this court.

The specifications of error are three in number, and are as follows:

(1) That the court erred in permitting the state to ask the following question of Persanto, a witness for the state: "Q. I will ask you whether or not, about the time of your sentence to the New Castle county workhouse, Bove represented himself to you as a legal adjuster? A. Yes, sir."

(2) That the court erred in refusing to permit defendant to ask Leonard Shaw, the prosecuting witness, the following question: "Q. Did you not, at the end of this conversation on Tuesday night, tell Elizabeth Solka that you would see that she was fixed up; that you were getting in touch with your father and that he was coming to Wilmington?"

(3) That the court erred in refusing to permit counsel for the defendant to ask defendant the following question: "Q. I will ask you whether, on this following Tuesday, Shaw said anything to Elizabeth about securing money to make payment to her?"

Assignments 2 and 3 were argued together, and will be considered in the same manner by this court.

Counsel for the plaintiff in error contends that both questions were material and relevant and should have been permitted by the trial court for the reason that, if Shaw was to pay money to Elizabeth Solka, then defendant could not be found guilty of the alleged offense.

*Section* 4804 *of the Revised Code of* 1915, upon which this indictment is based, in so far as material here, provides:

"Whoever, with intent thereby to extort or wrongfully gain any money or other property, shall make or cause to be made to any other person any oral statement or communication,* * * threatening to accuse any person of a crime * * * or to impute to any person any disgraceful act or conduct, * * * shall be * * * guilty of a misdemeanor."

The contention of counsel for the plaintiff in error that, if Shaw was to pay money to some person other than the defendant, then the defendant could not be found guilty of the offense charged;

is not warranted by the language of the statute, or by any reasonable inference therefrom. The offense provided for in the statute is complete when the threatening statement or communication is made, or is caused to be made to another person with the intent to extort or wrongfully gain money or other property, and it is not dependent for completion upon the fact that the person making the statement intended to extort money for himself. The language of the statute in this respect will not permit of the restricted interpretation which would be necessary to support the contention of the counsel for the plaintiff in error.

In *State v. Kramer*, 1 *W. W. Harr.* (31 *Del.*) 454, 115 *A.* 8, which was a prosecution under the same statute, it was interpreted in a similar manner. In that case the Court said:

"The substance of the offense charged against the accused is that he, with intent to extort or wrongfully gain any money or other property, made, or caused to be made, to another person (named) an oral statement threatening to do injury to that person, or to his property, and therefore the question for the jury to determine is whether the accused did make the alleged threatening statement with the intent as alleged in the indictment; and the fact that the defendant at the time was enforcing the rules of an organization to which he belonged has no bearing on the alleged threat, or the intent with which it was made."

It not being necessary to prove that the accused made the threatening statement with the intent to extort money or other property for himself, it could not have been to his benefit or advantage to show that the money was to be paid to another, and, therefore, such testimony could have been neither material nor relevant to the issues in the case.

The first assignment of error relates to the admission of the testimony of one Persanto, who testified that the accused had previously represented himself to Persanto as a legal adjuster. The accused as a witness in his behalf, on cross-examination, had denied that he had so represented himself to Persanto.

The right to inquire of a witness as to his occupation for the purposes of impeachment is generally recognized, subject, however, to certain limitations. The extent to which a witness may be so examined rests in the sound discretion of the trial court, and whether the question is admitted or excluded by the

court is not considered as reversible error, unless it should appear that there had been an abuse of discretion on the part of the trial court. *Hyatt on Trials*, § 1295; 1 *A. L. R. note page* 1402.

However, as we view the specification of error now under consideration, the question of admitting testimony respecting the occupation of a witness is not presented here. We cannot say that there is such an occupation as a legal adjuster, and, if there should be, whether it is a reputable or disreputable occupation, and there is nothing in the record to assist us in this respect.

In our judgment, the question presented is, if the testimony was improperly admitted, was it such an error as would justify the court in reversing the judgment of the trial court? And, after a careful examination of the record, we fail to find any possible way that the defendant could have been harmed or prejudiced in the minds of the jury by the testimony to which exception was taken. The testimony in question is so meaningless as it stands that it could not have helped the state's case, and, certainly, it could not have influenced the jury in reaching their verdict. As we have stated, there was nothing in the record from which it would appear that if there was such an occupation as legal adjuster, that it was a reputable or disreputable occupation. Furthermore, it did not appear from the record that the defendant followed such occupation. The testimony was that he merely represented himself on one occasion as a legal adjuster.

With respect to what will constitute reversible error in a criminal prosecution, this court in the case of *Lowber v. State*, 6 *Boyce* 353, 100 *A.* 322, 2. *A. L. R.* 1014, quoted as follows from the case of *Fisher v. State*, 1 *Penn.* 388, 41 *A.* 184:

"It is not every error that will justify reversal, and it is not every mistake that may be made in the hurry of a trial court that will warrant the setting aside of the judgment of that tribunal. * * *

"In this country it is a general rule in criminal cases that a new trial will not be granted for the erroneous admission or rejection of evidence, where it clearly appears that the defendant could not have been prejudiced thereby. If on the whole record it appears that justice has been done, and there appears no substantial misdirection of the court by which the prisoner's rights were injuriously affected, the court is not justified in reversing the judgment.

"When it appears from the record that the error alleged therein on behalf of the appellant could have worked no injury to him, and could not have

changed the result, the judgment of the court below will be affirmed.  *  *  *
Courts now undertake to judge for themselves of the materiality of evidence
found to have been improperly admitted or rejected, and when satisfied that
no injustice has been done, and that the verdict would have been the same,
with or without such evidence, they have refused a new trial."

Our conclusion is that the error complained of could not have been prejudicial to the defendant, and that the testimony in question did not and could not have influenced the jury in reaching their verdict.

For the reasons stated, the judgment of the court below is affirmed.

NOTE.—See State v. Grant, 3 W. W. Harr. (33 Del.) 195, 133 Atl. 790; State v. Casper, 3 W. W. Harr. (33 Del.) 432, 138 Atl. 633; Burton v. Natural Gas & Petroleum Corporation, 4 W. W. Harr. (34. Del.)——, 143 Atl. 254.