STATE *vs.* BIAZZIE CASPER.

(*November* 16, 1926.)

HARRINGTON, J., sitting.

*Leonard G. Hagner*, Deputy Attorney-General, for the State.
*Phillip L. Garrett* for defendant.

Court of General Sessions for New Castle County, November Term, 1926.

No. 40, November Term, 1926.

HARRINGTON, J. If the charge were for rape or for assault with intent to commit rape it would be material for the defense to show that no complaint was made by the prosecuting witness shortly after the commission of the alleged act. *Chamberlayne on Evidence*, vol. 4, § 3037; *Wigmore on Ev.*, vol. 2, § 1135; *State v. Daugherty*, 63 *Kan.* 473, 65 *P.* 695.

This is true because a failure to complain would affect the credit of the witness. *State v. Wolf*, 118 *Iowa* 564, 92 *N. W.* 673; *Wigmore on Ev.*, § 1135; *Chamberlayne on Ev.*, vol. 4, § 3037.

For the same reason, such evidence would, also, be material on charges of that character on cross-examination; but the charge here is for using a female child under the age of consent (*Rev. Code* 1915, § 4709) and it has appeared that the alleged act was committed with the consent of the prosecuting witness, who was

apparently not a mere child either in development or years.

Under such circumstances, it is not reasonable to assume that complaint would ordinarily have been made; a failure to make such complaint would not, therefore, affect the credit of the witness. For that reason, the objection is sustained. *Wigmore on Ev.*, § 1135; *Chamberlayne on Ev.*, vol. 4, §§ 3037, 3041; *State v. Griffin,* 43 *Wash.* 591, 86 *P.* 951, 11 *Ann. Cas.* 95, 98.

Note. See *State v. Grant, 3 W. W. Harr.* (33 *Del.*) 195, 133 *Atl.* 790; *Bove v. State, 3 W. W. Harr.* (33 *Del.*) 229, 134 *Atl.* 630; *Burton v. Natural Gas & Petroleum Corporation,* 4 *W. W. Harr.* (34 *Del.*) —, 143 *Atl.* 254.

For admissibility of complaint in an indictment for an assault with intent to commit rape, see *State v. Brewer,* 1 *W. W. Harr.* (31 *Del.*) 363; 114 *A.* 604.