PEOPLE v. BLACK.

1. RAPE—EVIDENCE—PROSECUTRIX MAY TESTIFY TO COMPLAINT OF PREVIOUS ASSAULTS IF IMMEDIATELY MADE OR DELAY EXPLAINED.
   It is a well established rule that in prosecutions for rape and kindred offenses against women, the prosecutrix may be asked whether she made complaint of the assault and when and to whom, and the rule applies to complaint of previous assaults by the same defendant of the character of that for which he is being tried, but said rule is not applicable unless the complaint is immediately or recently made, or some reasonable explanation given for the delay.[1]

[1]Rape, 33 Cyc. p. 1463.
On evidence of other crimes in prosecution for assault with intent to commit rape, see notes in 62 L. R. A. pp. 314, 322, 329; 48 L. R. A. (N. S.) 236.

2. SAME — TESTIMONY AS TO DELAYED COMPLAINT OF PREVIOUS ASSAULTS NOT ADMISSIBLE IN ABSENCE OF EXPLANATION OF DELAY.

> Where in a prosecution of defendant for rape on his daughter the prosecutrix gave no explanation as to her delay in making complaint of previous assaults by defendant, although she had opportunity to make complaint sooner, the trial court was in error in admitting her testimony as to the fact of complaint.[2]

CLARK, SHARPE, and FELLOWS, JJ., dissenting.

Exceptions before judgment from Clinton; Moinet (Edward J.), J.    Submitted December 9, 1924. (Docket No. 186.)    Decided May 14, 1925.    Rehearing denied June 18, 1925.

Ed Black was convicted of rape.    Reversed.

*Searl & Searl*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Oliver Spaulding*, Prosecuting Attorney, for the people.

MCDONALD, C. J.    The defendant was convicted on an information charging him with rape on his 20-year old daughter, Vera Black.    At the time when the offense is alleged to have been committed the defendant lived with his wife and two children, a son and the daughter, Vera, in the township of Watertown, in the county of Clinton.    When arraigned he pleaded not guilty and on the trial, as a witness in his own behalf, he insisted that he was innocent.    His case is here on exceptions before sentence.    The facts necessary to a discussion of the errors assigned will be stated in the opinion.

The principal question presented by the record relates to the admission of testimony.

"Did the court err in receiving over defendant's objection testimony as to a complaint made by the prosecutrix to a neighbor woman in regard to previous acts of rape?"

---

[2]Rape, 33 Cyc. p. 1467.

231—Mich.—4.

On direct-examination she testified:

"*Q.* When did you first make complaint to any one other than your mother about these assaults?
"*A.* February 4, 1924.
"*Q.* February 4th, last?
"*A.* Yes, sir.
"*Q.* And to whom did you make complaint?
"*A.* Mrs. L. S. Grisson, the woman I stayed all night with on the 4th."

The rape for which the defendant was being tried is alleged to have been committed on the 9th day of February, 1924. The prosecutrix testified to a great many earlier acts of the same character beginning in December, 1919, when she was 16 years of age and continuing at frequent intervals until the time of the act in question. The last assault prior to the one for which he was tried took place the latter part of January, 1924, and the complaint to Mrs. Grisson was on February 4, 1924. When the prosecuting attorney asked the question, "When did you first make complaint to any one other than your mother about these assaults?" he referred to the numerous assaults of which she had testified as having been committed prior to and including that in the latter part of January, 1924. It is a well established rule that in prosecutions for rape and kindred offenses against women the prosecutrix may be asked whether she made complaint of the assault and when and to whom. This rule applies to complaint of previous assaults by the same defendant of the character of that for which he is being tried. Counsel for the defendant do not here question the general rule, but claim that the testimony in this case is not admissible in the absence of some explanation of the delay in making the complaint; that it should be excluded because of the lapse of time between the previous assault in the latter part of January, 1924, and the making of the complaint on the 4th day of February. On this question the

courts are not altogether in agreement.   Some have held that mere lapse of time is not the test of the admissibility of evidence of this character, that delay in making the complaint goes only to the weight of the evidence and is for the jury; others have inclined to the view that whether the time intervening should exclude the testimony is a question of law for the court.   Professor Wigmore suggests that under the theory that the purpose of the testimony is merely to negative the supposed silence of the woman, the fact of complaint at any time should be received.   The reason of the rule which permits such testimony would seem to exclude its use unless the complaint is immediately or recently made, or some reasonable explanation given for the delay.   It has been said that it is so natural as to be almost inevitable that a woman, upon whom such a crime has been committed, will make an immediate complaint to some of her relatives or other close friends.   Justice GRANT said in *People* v. *Marrs,* 125 Mich. 379, "It is a strong circumstance against a woman that she made no immediate complaint."   We think the rule that excludes this testimony unless the complaint is immediate, or there is some explanation for the delay in making it, rests on reason and justice, and should be adhered to by the courts of this State.   If the delay is explained it becomes a question for the jury.   If not explained it is for the court.   In *People* v. *Gage,* 62 Mich. 271 (4 Am. St. Rep. 854), the court said:

"The lapse of time occurring after the injury, and before complaint made, is not the test of admissibility of the evidence, but it may be considered as affecting its weight; and when complaint is not made promptly, the delay calls for explanation before the court will admit it."

It would seem that the first part of the above quotation is inconsistent with the latter part.   But we take it that what the court meant in the first statement

was that lapse of time alone is not the test because it may be explained and when explained it is for the jury to say what weight shall be given to it as evidence. It is the test unless the delay is excused or explained. Depending on the facts and circumstances of the case there may be a departure from this rule where the female is of tender years or under the age of consent. It should in no other case be extended. In the instant case the prosecutrix clerked in the Grisson store from September, 1923, to February. Some of the assaults were committed during that period. She had an opportunity to complain but did not do so until February 4th. No explanation as to why she did not promptly complain was offered. In the absence of some explanation excusing the delay the court should have excluded her testimony as to the fact of complaint to Mrs. Grisson. Because of this error the conviction must be reversed.

Other errors urged by counsel we do not discuss because they are not apt to arise on a new trial. We have examined them, however, and are of the opinion that they do not constitute reversible error.

The conviction is reversed and a new trial granted.

BIRD, MOORE, STEERE, and WIEST, JJ., concurred with McDONALD, C. J.

FELLOWS, J. (*dissenting*). I can not feel that the language used by Mr. Justice CHAMPLIN in *People* v. *Gage*, 62 Mich. 271 (4 Am. St. Rep. 854), quoted by my Brother McDONALD in his opinion in this case, committed this court to a hard and fast rule that if the complaint of the prosecutrix in this character of cases was delayed, evidence of the fact that the complaint was made is inadmissible unless the delay is excused. If so, the cases cited by Justice CHAMPLIN are unfortunate. He cites *State* v. *Niles*, 47 Vt. 82; *Higgins* v. *People*, 58 N. Y. 377, and *People* v. *Brown*,

53 Mich. 531.    The Vermont case holds to the contrary.    I quote from it what was said on this subject:

"The State called Mrs. Ladd as a witness, and she was permitted to testify against the respondent's objection that Lillian, in response to her inquiries about two months after the alleged commission of the crime, complained to her of the respondent's usage of her as above testified to; by which we understand that Mrs. Ladd testified that Lillian told her the same story that she had testified to in court.    Two objections have been urged against the admissibility of Mrs. Ladd's evidence: the first is, that the complaint was not made to her within such a period of time as to make it admissible.    Evidence of this character is only admissible as confirmatory of the evidence given by the party upon whom the rape is alleged to have been committed.    It was ruled by Holroyd, J., in *Clarke's Case*, 2 Stark. 241, that in a prosecution for rape, the fact of a woman's having made a complaint soon after the assault took place, is evidence.    This rule has been embodied into all the text books upon evidence; but it has never been understood that mere lapse of time could be made the test upon which the admissibility of such evidence depended.    The time that intervenes between the commission of the crime and the making of the complaint, is a subject for the jury to consider in passing upon the question of the weight. that should be given to the evidence; so that this objection was not well taken."

The New York case did not deal with the admissibility of proof but arose on a requested instruction as to the credit to be given the testimony of prosecutrix who had delayed in making complaint.    Considering this request it was said:

"Any considerable delay on the part of a prosecutrix to make complaint of the outrage constituting the crime of rape, is a circumstance of more or less weight, depending upon the other surrounding circumstances. There may be many reasons why a failure to make immediate or instant outcry should not discredit the witness.    A want of suitable opportunity, or fear, may sometimes excuse or justify a delay.    There can

be no iron rule on the subject. The law expects and requires that it should be prompt, but there is and can be no particular time specified. The rule is founded upon the laws of human nature, which induce a female thus outraged to complain at the first opportunity. Such is the natural impulse of an honest female. But if instead of doing this she conceal the injury for any considerable time, it naturally excites suspicion of fraud, and tends to discredit her."

In the Michigan case, it was said by Mr. Justice CAMPBELL, speaking for the court:

"Objection was made to the testimony of the mother in showing that on the next day but one after the occurrences the appearance and behavior of the girl were such that she insisted on knowing what was the matter, and the daughter told her what had occurred. We think this was admissible under the previous rulings of this court, referred to on the argument. In all such cases it is desirable to know how soon or in what way the outraged person complains. Its force is for the jury."

I can not feel that as careful a Justice as we know Justice CHAMPLIN to have been would have cited these cases had he intended to go as far as my Brother thinks he did. Nor do I think this court has so construed the *Gage Case.* In *People* v. *Marrs,* 125 Mich. 376, it was cited to sustain the following holding:

"It is a strong circumstance against a woman that she made no immediate complaint. It was competent for the people to show when she did make complaint, and the reason why she had not made it before. It was for the jury to consider this evidence in determining what credit they would give to her story."

In *People* v. *Row,* 135 Mich. 505, it was said by Chief Justice MOORE, speaking for the court:

"Mrs. Baxter, a half-sister, was allowed to testify to a conversation with the girl three months after it was claimed the offense was committed, and this is said to be error. Justice LONG, in *People* v. *Duncan,* 104 Mich. 464, collates the law applicable to such a

case.    It was competent to show by Mrs. Baxter the girl had complained of the outrage to her, but it was not competent for her to narrate in detail a long conversation she had with her in relation to the transaction."

Going back to cases preceding the *Gage Case* and quoting from the *syllabi,* we find it has been held:

"Delay in making complaint is not a fact belonging to the *res gestæ,* but is only material as bearing upon the credibility of the prosecutrix; and the credibility of her testimony, like that of other witnesses, is a matter for the consideration only of the jury." *Turner* v. *People,* 33 Mich. 363.

"In a prosecution for rape, a question to the complaining witness as to whether she had told the priest or any one else of the outrage, is not objectionable." *Maillet* v. *People,* 42 Mich. 262.

Section 273, 1 Wharton's Criminal Evidence (10th Ed.), says:

"In prosecutions for rape where the injured woman is a witness, it was formerly material to show that she made complaint of the injury while it was recent. The rule is now that length of time intervening between the injury and the complaint will not, of itself, exclude proof of it, but that the court will look into all of the circumstances surrounding the fact, and on these he may exercise his discretion as to its admission or rejection."

And a long list of cases is cited to sustain the text, including *People* v. *Marrs, supra.*

I am persuaded that we should hold that delay of the prosecutrix in making complaint should be considered by the jury as affecting the credibility of her testimony and the charge she makes but that it does not render testimony of the fact that she made complaint inadmissible even though such delay is not satisfactorily excused.

However, if I am wrong in this I still insist that there was no error upon this record in permitting

testimony of a complaint to Mrs. Grisson which is the testimony upon which error is assigned. Without objection the prosecutrix had been permitted to testify to complaints made to her mother on numerous occasions and the conversation she had with her mother on the subject; she was then asked:

"*Q.* When did you first make complaint to any one other than your mother about these assaults?"

Over objection she was permitted to testify that she made complaint to a neighbor woman February 4th; she had testified that she had been assaulted the latter part of January. Naturally an honest girl would first talk to her mother and would not go outside the family with her shame unless the exigencies so required. If the complaints of prosecutrix to her mother had been without result, I do not think it improper to show that she then made complaint to a neighbor even though the complaint was delayed. *People* v. *Werner*, 221 Mich. 123.

I think the conviction should be affirmed.

CLARK and SHARPE, JJ., concurred with FELLOWS, J.