PEOPLE v. PRESCOTT.

1. RAPE—ESSENTIALS OF STATUTORY CHARGE.

In trial of the accused of statutory rape, prosecution has burden of showing, and jury obligation of finding, beyond reasonable doubt, before a verdict of guilty, that accused had sexual intercourse with prosecutrix on or about date alleged and that she was under 16 years of age at that time (Act No. 328, § 520, Pub. Acts 1931).

2. SAME—EVIDENCE—AGE OF PROSECUTRIX.

Testimony of mother as to age of prosecutrix at time of alleged rape was competent but its weight was a question for the jury in view of the appearance of the girl and all other circumstances of the case.

3. CRIMINAL LAW—REMARKS OF TRIAL JUDGE—BIRTH CERTIFICATE.

Remarks of the trial judge in trial of one accused of statutory rape, which operated as an assurance to the jury that the court would save error, if any, on their part by examination of the record of birth of the prosecutrix *held*, reversible error, since accused had right to have issue of her age determined by jury without any thought of divided responsibility (Act No. 328, § 520, Pub. Acts 1931).

4. NEW TRIAL—INDORSEMENT OF NAMES OF WITNESSES.

Indorsement of names of persons in house at time of alleged rape may not be reserved as basis for new trial where no motion to so indorse was made at time of trial.

5. CRIMINAL LAW—GREAT WEIGHT OF EVIDENCE.

Trial court was not in error in holding verdict of guilty was not against great weight of evidence, where proofs presented an issue of fact as to commission of the act by accused.

6. RAPE—FIRST COMPLAINT BY PROSECUTRIX—CREDIBILITY.

In statutory rape case, admission of testimony of prosecutrix on direct examination that she first made complaint nearly four months after intercourse is alleged to have taken place *held*, not error, since such testimony is not substantive evidence but merely a circumstance affecting credibility of prosecutrix.

Appeal from Recorder's Court of City of Detroit; Boyne (John A.), J. Submitted June 14, 1934. (Docket No. 111, Calendar No. 37,584.) Decided October 1, 1934.

Tom Prescott was convicted of statutory rape. Reversed.

*Weidman & Kramer* (*Hyman Kransberg,* of counsel), for appellant.

*Patrick H. O'Brien,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, *Verne C. Amberson* and *Edmund E. Shepherd,* Assistants Prosecuting Attorney, for the people.

WIEST, J. Upon trial by jury defendant was convicted of the crime of statutory rape (Act No. 328, § 520, Pub. Acts 1931). He prosecutes review by appeal and alleges five errors. One error commands reversal.

The prosecution had the burden of showing and the jury the obligation of finding, beyond a reasonable doubt, before verdict of guilty, that defendant

had sexual intercourse with Virginia Summerland on or about September 2, 1932, and at that time she was under the age of 16 years.

The girl testified to the act, and her mother testified that the girl was born March 14, 1917, and, therefore, was 15 years, 5 months and 19 days of age on September 2, 1932. The testimony of the mother was competent but the weight thereof, in view of the appearance of the girl and all else disclosed in the case, was for determination by the jury.

At the close of the proofs and during the argument of counsel for the defendant he stated:

"Now the girl and her mother said she was born in Detroit, and she was born, they said, in Detroit on March 14, 1917, and they have birth records in Detroit, and yet they have not been produced. Why? I ask you to look at the girl, and I ask you do you believe she was under the age of 16 years old?"

The prosecutor objected, stating:

"It is not in issue here."

The court stated:

"The age is absolutely in issue. If the age is not proven, you are out of court entirely if she was over 16."

Counsel for defendant said:

"I have not heard anything admitting yet—"

The Court (interrupting):

"Wait a minute. I have sometimes even sent out people for the birth certificate. I don't care what the verdict is but before I pass sentence, I will always have a birth certificate first. This police officer knows better than to come into court without a birth record. From past experience she should know. Sometimes people don't absolutely remember the birth date."

Thereupon counsel for defendant continued his argument to the jury and, at the close thereof, the prosecutor, in arguing, stated:

"Now, if there is a record over there showing that the girl's age is 16, don't you think that defense counsel has investigated to see, and would have—"

Counsel for defendant, interrupting:

"Now, I object again; that we are not required to prove anything. You are required to prove this man guilty beyond a reasonable doubt."

The Court:

"Incidentally, both of you forget that I am presiding here. I am going to tell them what the law is. You go ahead and tell them, and then, perhaps, I will change it all. You can go ahead and argue on the testimony. I am going to give the law, and I won't give in on that."

The remarks by the trial judge relative to the certificate of birth constituted reversible error, for it operated as an assurance to the jury that the court would take evidence upon the question of age after verdict, if defendant was convicted, and tended strongly to relieve the jurors of their otherwise essential sense of ultimate responsibility. The jurors might well have felt that, in case they found defendant guilty, the trial judge would subsequently save error, if any, on their part by examination of the record of the birth of the girl. Sense of conscientious responsibility on the part of jurors must not be lessened by any such assurance by the court.

Upon the question of the age of the girl, defendant had the right of submission of that issue to the jury and have determination wholly apart from any thought of divided responsibility.

Defendant moved for a new trial, one ground being the failure of the prosecution to indorse on the information the names of the 10-year old sister of the prosecutrix and an adult boarder at defendant's home, who were both in another part of the house at the time of the alleged offense. No motion to so indorse was made at the trial and the point could not be reserved as grounds for a motion for a new trial.

Upon the question of commission of the act by defendant the proofs presented an issue of fact for submission to the jury and the court was not in error in holding the verdict was not contrary to the great weight of the evidence.

On direct examination of the prosecutrix the following occurred:

"*Q.* When did you first tell anybody about that?

"*A.* It was after Christmas.

"*Q.* It was after Christmas?

"*Mr. McCrea* (counsel for defendant): I object to it, if your honor please. It is too remote.

"*The Court:* You mean after September 2d? Be more definite.

"*Q.* And who did you tell?

"*A.* I told one of the matrons in the boarding school.

"*Q.* Do you know her name?

"*A.* Yes, Mrs. McFee.

"*Q.* And by the boarding school, you mean the place you are at now?

"*A.* No.

"*Q.* What boarding school was it?

"*A.* It was the St. Agnes Home.

"*Q.* Where is that?

"*A.* In Romeo."

It is claimed the testimony was inadmissible. The prosecutrix was of tender years and the delay is

explained by discovery of her pregnancy about that time. The fact of complaint is not substantive evidence but merely a circumstance bearing upon the credibility of the witness. Counsel for defendant cite *People* v. *Black*, 231 Mich. 48. The prosecutrix in that case was above the age of consent.

There was not reversible error in admitting such testimony.

For the reason before stated the conviction is reversed and a new trial granted. Defendant is remanded to await trial.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.