PEOPLE *v.* ROCK.

1. RAPE—QUESTION FOR JURY—EVIDENCE.

In prosecution for rape where testimony of woman was of rape accomplished, trial court was not in error in leaving issue thereon to jury.

2. SAME—ASSAULT WITH INTENT TO COMMIT CRIME OF RAPE—CON-
VICTION OF LESSER CRIME ACQUITS DEFENDANT OF CHARGE OF
GREATER CRIME.

   In prosecution for rape, verdict of jury finding defendant guilty
   of assault with intent to commit the crime of rape acquitted
   him of rape.

3. SAME—EVIDENCE—ORIGINAL COMPLAINT BY WOMAN.

   Testimony of original complaint of woman involved in prosecu-
   tion for rape, made after she had escaped from automobile. in
   which crime was alleged to have been committed and had gone
   into the woods to the house of an acquaintance held, admissible.

4. SAME—REPETITION OF COMPLAINT ON MORNING AFTER INADMISSI-
BLE.

   Admission, over objection of defendant in prosecution for rape,
   of repetition by adult woman of her complaint of attack on
   morning after night of its alleged occurrence held, reversible
   error since there was time intervening sufficient to make it a
   studied utterance and cumulative.

5. CRIMINAL LAW—NEW TRIAL—ASSAULT WITH INTENT TO COMMIT
CRIME OF RAPE.

   Upon reversal of conviction of assault with intent to commit the
   crime of rape for error committed in admission of testimony,
   new trial is granted but is restricted to charge of assault with
   intent to commit the crime of rape.

Appeal from Delta; Bell (Frank A.), J. Submit-
ted January 13, 1938. (Docket No. 111, Calendar No.
39,640.) Decided February 24, 1938.

Gordon Rock was convicted of assault with intent
to commit the crime of rape. Reversed with new
trial.

*George W. Carr,* for appellant.

*Raymond W. Starr,* Attorney General, *Edmund
E. Shepherd,* Assistant Attorney General, and *Wil-
liam J. Miller,* Prosecuting Attorney, for the people.

WIEST, C. J. Gordon Rock, 22 years of age, was charged with the crime of rape upon Gerville Raiche, 21 years of age. At the first trial the jury disagreed. At the second trial the jury returned a verdict of guilty of assault, with intent to commit the crime of rape, and sentence followed.

Upon review by defendant it is claimed that, under the evidence, the charge of rape, consummated, should not have been submitted to the jury.

The testimony of the woman was of rape accomplished, and the court was not in error in leaving the issue thereon to the jury. The verdict acquitted defendant of the crime of rape and that left the included charges of major and minor assaults.

The offense was alleged to have been committed the night of May 12, 1936, on the front seat of a Chevrolet four-door sedan, while parked at the side of the roadbed of a highway in Delta county. The automobile had carried three persons to that point; prosecutrix, defendant, and a young man named Palmer, but prosecutrix claims that Palmer left before the assault was made.

Mr. Palmer was a witness, called by the people, and he testified that he was present all the time and no assault occurred.

The jury evidently discounted the claim of rape under the awkward surroundings and the resistance of the female, but found the attempt, with intent to commit the crime.

After the alleged rape the woman ran into the woods at the side of the road and went to the house of an acquaintance, where she appeared with her hair all mussed, her face swollen, her neck scratched, with red marks on it, her coat and dress torn and with a scratch on one limb above the knee. She

wanted to tell what had happened, but was told to wait until morning, and was put to bed. She did say, however, that "she went out with two boys and she thought they were all right," and that she had been attacked.

No objection was made to this testimony and, being the original complaint, it was admissible.

The next morning she was taken home and her mother testified that "She started to cry right away." She was asked by the prosecuting attorney:

"*Q.* Did she tell you what happened?"

The witness answered:

"She didn't tell me all right then."

Thereupon counsel for defendant objected.

The court ruled:

"You can answer whether or not she told, not what she told you."

The witness replied: "Yes, she started to tell us," and was asked "Did she give you the name of the person?" and answered, " Why sure," and then she was asked "Who was it?" and made answer, "Gordon."

Counsel for defendant contends that this testimony of repetition of the claim of attack was error.

We are constrained so to hold. The sense of outrage, immediately following such an assault, would be concomitant therewith and instinctively lead to complaint and, being so connected in cause, it would be removed from the danger of calculation, but evidence of repetition, with time intervening sufficient to be a studied utterance and cumulative, was wholly inadmissible. *People* v. *Corder,* 244 Mich. 274; *People* v. *Baker,* 251 Mich. 322.

Defendant denied making any assault and in this was supported by his male companion who claims he was present at all times on the trip, but whom the woman claims left just before the assault.

All parties had been drinking, and defendant's male companion testified that the woman was intoxicated, wanted to go back to a place where they had had liquor, "she kept on saying she wanted to go back and scratched and kicked around," and when the car was stopped she stepped outside and ran into the woods.

Other alleged errors are without merit.

For the error pointed out the conviction is reversed and a new trial granted on the charge of assault with intent to commit the crime of rape.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.