## PEOPLE v. DICKINSON.

1. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES.

   Generally a prosecuting attorney is required to indorse only *res gestae* witnesses (CLS 1961, § 767.40).

2. CRIMINAL LAW—RES GESTAE.

   *Res gestae* are the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction and render the latter necessary to exhibit the former in its proper effect.

3. SAME—RES GESTAE.

   Acts and deeds emanating from the transaction as long as it continues become part of it, the time limits not being arbitrary, and are admissible in evidence as *res gestae*.

4. SAME—PRESENTATION OF ONLY PART OF RES GESTAE.

   Conviction of a crime may not properly be claimed by prosecution upon evidence which expressly or by implication shows but a part of the *res gestae*, if it appear that evidence of the rest of the transaction is attainable.

5. SAME—INDORSEMENT AND CALLING OF WITNESS BY PROSECUTION—RES GESTAE—FALSE ACCUSATION.

   Prosecution may not be required to indorse name of witness nor call him unless he is a *res gestae* witness; nor need it indorse and call all such witnesses, especially when crime charged is not one of violence; but he should be called if his

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Indictments and Informations § 43.
[2] 20 Am Jur, Evidence § 661 *et seq.*
[3] 20 Am Jur, Evidence § 669 *et seq.*
[4, 9] 20 Am Jur, Evidence § 551.
[5] 58 Am Jur, Witnesses §§ 3, 111.
[6, 7] 20 Am Jur, Evidence § 672.
  44 Am Jur, Rape §§ 85, 86.
  Declarant's age as affecting admissibility as res gestae.  83 ALR2d
    1368.
[8] 39 Am Jur, New Trial §§ 13, 131, 201.
[10] 58 Am Jur, Witnesses § 418.

testimony is reasonably necessary to protect accused against a false accusation.

6. RAPE—RES GESTAE—EXAMINATION OF PROSECUTRIX BY PHYSICIANS.

Results of the examination of 13-year-old prosecutrix by 2 physicians following alleged statutory rape was a part of the *res gestae,* as such, essential to trial of the case, and failure of the prosecutor to indorse their names on the information and secure their testimony was clearly prejudicial error (CLS 1961, §§ 750.520, 767.40).

7. SAME—RES GESTAE—EXAMINATION OF PROSECUTRIX BY PHYSICIANS.

Lapse of 2 days between alleged statutory rape and examination of 13-year-old prosecutrix by 2 physicians did not prevent the examination from being a part of the *res gestae,* where there was testimony of intimidation by defendant in the interim but prompt report to the authorities by her mother on receipt of information from the child (CLS 1961, § 750.520).

8. NEW TRIAL—DISCRETION OF COURT.

A motion for a new trial is addressed to the discretion of the trial court.

9. CRIMINAL LAW—RES GESTAE.

Requirement of presentation of the entire *res gestae* in a prosecution for crime is a safeguard of the defendant's fundamental rights.

10. RAPE—EXAMINATION OF PROSECUTRIX BY PHYSICIANS—RES GESTAE—NEW TRIAL.

Examination of 13-year-old prosecutrix by physicians selected by the people for the purpose of securing medical opinion as to the fact of the commission of the statutory rape some 2 days theretofore *held,* an ongoing part of the transaction, under evidence adduced showing intimidation of prosecutrix by defendant, and the findings of the examination a part of the *res gestae,* hence, the failure to call the physicians requires that new trial be granted to permit their corroboration or refutation of the prosecutrix (CLS 1961, §§ 750.520, 767.40).

Appeal from Saginaw; O'Neill (James E.), J. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket No. 366.) Decided April 12, 1966.

Willie N. Dickinson was convicted of statutory rape. Defendant appeals. Reversed and new trial granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert B. Currie,* Prosecuting Attorney, and *Gerald K. Dent,* Assistant Prosecuting Attorney, for the people.

*William J. Ginster,* for defendant.

FITZGERALD, P. J.   Upon conviction of the crime of statutory rape under CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788) defendant Willie Dickinson brings to this Court a substantial number of errors from a trial which consumed one day.

Chief among his allegations of error is that the prosecuting attorney should have been compelled to indorse on the information the names of two physicians who had examined the private parts of the 13-year-old prosecutrix following the alleged statutory rape, and further that the State should have been compelled to produce each of the physicians to testify at the trial.   He charges that the prosecutor, in effect, suppressed evidence of the findings of the physician who, at the request of the authorities, examined the prosecutrix.

The prosecution counters this argument by citing *People* v. *Prescott* (1934), 268 Mich 606, for the fact that no motion was made by defendant to require indorsement of the names on the information and that the failure of the prosecuting attorney to indorse names of witnesses not to be called does not constitute error.   Specifically, the prosecution states that the trial record fails to show that any such motion to indorse was made by the defendant and that the issue is being raised for the first time on

appeal. We note, however, that despite the absence of a motion, the record is replete with unavailing efforts on the part of defendant to secure the medical testimony.

We are met first with a statute, CLS 1961, § 767.40 (Stat Ann 1965 Cum Supp § 28.980):

"All informations shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same. The information shall be subscribed by the prosecuting attorney or in his name by an assistant prosecuting attorney. Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

Was the prosecutor required to indorse the name of the two physicians who had examined the prosecutrix some time after the alleged statutory rape? While a cursory reading of the statute, *supra,* might indicate that the prosecutor is required to indorse the names of all known witnesses, the scope and extent of his duties under this statute have been the subject of refined judicial interpretation over the years. Generally stated, the prosecutor is required to indorse only *res gestae* witnesses, with various exceptions even as to *res gestae* witnesses. *People* v. *Keywell* (1931), 256 Mich 139; *People* v. *Kayne* (1934), 268 Mich 186; *People* v. *Tann* (1949), 326 Mich 361.

An exhaustive analysis of the prosecutor's duty regarding indorsement of *res gestae* witnesses and its underlying rationale can be found in *Kayne, supra,* which was decided at a time when a statute substantially the same as CLS 1961, § 767.40, *supra,* was in effect. As there stated (omitting citations):

" 'No inflexible rule has ever been and probably never can be adopted as to what is a part of the *res gestae*. It must be determined largely in each case by the peculiar facts and circumstances incident thereto; but it may be stated as a fixed rule that, included in the *res gestae* are the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction, and render the latter necessary to exhibit the former in its proper effect.'

" 'And as long as the transaction continues, so long do acts and deeds emanating from it become part of it, so that, describing it in a court of justice, they can be detailed. * * * Nor are there any limits of time within which the *res gestae* can be arbitrarily confined.' "

*Kayne* goes on further to quote (p 193) from *Hurd* v. *People* (1873), 25 Mich 405, 415-417:

" 'But the prosecution can never, in a criminal case, properly claim a conviction upon evidence which, expressly or by implication, shows but a part of the *res gestae*, or whole transaction, if it appear that the evidence of the rest of the transaction is attainable. This would be to deprive the defendant of the benefit of the presumption of innocence, and to throw upon him the burden of proving his innocence. It is the *res gestae*, or whole transaction, the burden of proving which rests upon the prosecution (so far at least as the evidence is attainable). It is that which constitutes the prosecutor's case, and as to which, the defendant has the right of cross-examination; it is that, which the jury are entitled to have before them, and "until this is shown, it is difficult to see how any legitimate inference of guilt, or of the degree of the offense, can be drawn."

" 'The prosecutor in a criminal case, is not at liberty like a plaintiff in a civil case, to select out a part of an entire transaction which makes against the defendant, and then, to put the defendant to the

proof of the other part, so long as it appears at all probable from the evidence, that there may be any other part of the transaction undisclosed; especially, if it appears to the court that the evidence of the other portion is attainable. The only legitimate object of the prosecution is, "to show the whole transaction, as it was, whether its tendency be. to establish guilt or innocence." * * * But, certainly, if the facts stated by those who are called show *prima facie,* or even probable reason for believing that there are other parts of the transaction to which they have not testified, and which are likely to be known by other witnesses present at the transaction, then such other witnesses should be called by the prosecution, if attainable, however nearly related to the prisoner.' "

Summing up, *Kayne* makes the following analysis of Michigan law (p 194):

"The indorsement and calling of a witness by the prosecution is not required unless he is a *res gestae* witness. *People* v. *Grant* (1896), 111 Mich 346. And it is not the rule that all *res gestae* witnesses must be indorsed on the information and called by the State. *People* v. *Kindra* (1894), 102 Mich 147. Especially is this true when the offense charged is not a crime of violence. *Bonker* v. *People* (1877), 37 Mich 4. Instead the rule is that, apart from cumulation of testimony, any *res gestae* witness should be indorsed and called by the prosecution if the testimony of such witness is reasonably necessary to protect the accused against a false accusation. * * *

"But where a fair presentation of the *res gestae* of the crime charged cannot otherwise be made to the court or jury, the State is required to indorse and call the witness or witnesses whose testimony is necessary to protect the accused from being the victim of a false accusation. Such is the rule, as stated in *Hurd* v. *People, supra,* 'so long as it appears at all probable from the evidence, that there

may be any other part of the transaction undisclosed; especially, if it appears to the court that the evidence of the other portion is attainable.'"

Heeding the rationale of *Kayne,* we conclude that the results of the examination by the two physicians was a part of the *res gestae* and, as such, essential to the trial of this case. The failure of the prosecutor to indorse their names upon the information and secure their testimony was clearly prejudicial error.

The lapse of time from the alleged criminal act to the examination does not remove it from the *res gestae* under these particular facts, since the lapse of time was brought about by the defendant's intimidation of the prosecutrix.

The record discloses the following events, as an aftermath of the alleged rape on Saturday:

"*Q:* Did you talk to your mother on Sunday about this?

"*A.* No.

"*Q.* Why didn't you tell her on Sunday?

"*A.* No, because every place my mom went, he followed her around. I didn't get a chance to.

"*Q.* Did you go to school on the following Monday, then?

"*A.* Yes.

"*Q.* Did you talk to your mother about this before you went to school on Monday?

"*A.* No.

"*Q.* Why not?

"*A.* Because he left for work late that morning. He stayed there late. He went to work just about before I left."

The record then discloses that the prosecutrix informed her mother on Monday, when she returned from school.

This sequence of events, followed by the mother's immediate notification of the authorities, indicates

to us that the transaction was an ongoing one, not limited solely to events directly following the alleged rape, thus bringing it clearly within the contemporaneous quality generally surrounding *res gestae.*

Regarding the prosecution's contention that *Prescott, supra,* conclusively decides the matter, we cannot agree. That case is limited to the holding that the indorsement of names may not be reserved as a basis for a new trial where no motion to so indorse was made at the time of trial. Though in this case, no motion was made, the considerations on a motion for a new trial and an appellate review are not necessarily coextensive, the former being addressed to the discretion of the trial court, the latter being a safeguard of defendant's fundamental rights.

Examination of the 13-year-old prosecutrix by a physician selected by the authorities for the purpose of securing medical opinion as to the fact of the commission of the crime was an ongoing part of this "transaction" and the findings of such examination are part of the *res gestae.* The virtually uncorroborated testimony of the prosecutrix might have been enhanced or destroyed by the testimony of either or both of the physicians in question and certainly such testimony could not be called cumulative. The State's failure to produce these witnesses taints this prosecution and calls for a new trial where such testimony will be available.

The judgment is set aside and a new trial ordered.

HOLBROOK and T. G. KAVANAGH, JJ., concurred.