PEOPLE v VAUGHN

1. EVIDENCE—RAPE—COMPLAINT—DELAYED COMPLAINT—EXCUSE FOR
   DELAYED COMPLAINT.

   The fact that a complaint of rape was made is generally admissi-
   ble as evidence at trial; however, to be admissible the com-
   plaint must have been made at the earliest possible opportu-
   nity, or, if a delayed complaint, then a reason for the delay is
   required before the fact of a delayed complaint can be admit-
   ted; the youth of a rape victim and the threat of further harm
   to a rape victim should she complain are recognized excuses for
   the victim's delay in reporting a sexual assault.

2. EVIDENCE—RAPE—COMPLAINT—DELAYED COMPLAINT.

   Testimony regarding the fact that a rape complaint was made
   was inadmissible where the complaint was made a day after
   the alleged rape and therefore was not a fresh complaint, and
   no explanation was offered for the complainant's failure to
   make a timely complaint.

3. EVIDENCE—RAPE—COMPLAINT—IDENTITY OF ATTACKER—HEARSAY—
   EXCEPTIONS TO HEARSAY RULE.

   The details of a rape complaint, which include the identity of the
   attacker, are inadmissible as evidence unless fitting the res
   gestae exception to the hearsay rule.

Appeal from Muskegon, Charles A. Larnard, J.
Submitted March 2, 1977, at Grand Rapids.
(Docket No. 27705.) Decided May 4, 1977. Leave to
appeal denied, 401 Mich 815.

Kenneth Vaughn was convicted of fourth-degree
criminal sexual conduct. Defendant appeals. Re-
versed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3] 29 Am Jur 2d, Evidence § 719.
[3] Time element as affecting admissibility of statements by victim of
     sex crime as res gestae. 19 ALR2d 579.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Gerald W. Gibbs,* Assistant Prosecuting Attorney, for the people.

*Boeschenstein, Marietti, Mullally & Grimm,* for defendant on appeal.

Before: R. M. Maher, P. J., and D. E. Holbrook, Jr. and J. T. Letts,* JJ.

Per Curiam. Defendant was charged with third-degree criminal sexual conduct contrary to MCLA 750.520d(1)(b); MSA 28.788(4)(1)(b). A jury found defendant guilty of the lesser included offense of fourth-degree criminal sexual conduct, and the court subsequently sentenced defendant to a prison term of 16 months to 2 years.

Appealing as a matter of right, defendant raises three issues. We reverse.

The complaining witness alleged that the incident occurred June 9, 1975, at her home. She testified that the defendant entered her home without permission, grabbed her, shoved her struggling into the bathroom, jerked down her clothes, threatened her, penetrated her vagina with his penis and threatened to return and cut her if she told her boyfriend or the police. Defendant alleged the complainant invited him into her home and was the sexual aggressor, but that he was unable to perform. After the incident, the complainant called the police and complained that she had been thrown to the floor. She did not tell the officer she had been raped. The investigating officer referred her to a city attorney, who in turn referred her to the prosecutor's office.

Defendant claims reversible error in permitting

---

* Circuit judge, sitting on the Court of Appeals by assignment.

testimony by the city attorney that he was told by the complainant that she was raped. This testimony is inadmissible, says defendant, because in her initial report of the incident to police officers, the complainant made no mention of rape but only complained of an assault and battery.

Defense counsel objected to the late indorsement of the city attorney, contending that any conversation between the attorney and the complainant would be inadmissible. The court ruled that the objection was premature.

The complainant admitted that she did not relate "anything about sex" when the police responded to her call. She stated she was referred by the police to the city attorney, that she saw him the next day, that he was the first person with whom she discussed the entire events of the previous day and that he in turn directed her to the prosecutor's office.

Following her testimony, Mr. Graves, the city attorney, testified that complainant was referred to him as a result of an assault and battery, that he interviewed her and that as a result of his interview he "advised her to go over to the County Prosecutor's Office and seek a warrant on the Defendant for a charge of rape".

Counsel for the defendant again objected, on the grounds of hearsay, but the objection was overruled. Mr. Graves continued in response to a further question as to the extent of his involvement in the case by stating:

"Yes, I had a ten minute conversation with her * * * as to the facts that she is alleging to determine whether or not she should be given a warrant. And after she told me the nature of the facts, and what had gone on at the time, I made the conclusion that it was not just a

simple assault and battery. She was alleging rape and so I advised her to see the County Prosecutor's Office."

Generally, the fact that a complaint of rape was made is admissible at trial. *People v Brown,* 53 Mich 531; 19 NW 172 (1884), *People v Gage,* 62 Mich 271; 28 NW 835 (1886), *People v Lawson,* 34 Mich App 620; 192 NW2d 60 (1971).

4 Wigmore on Evidence (Chadbourne Rev), § 1135, pp 298–300, also recognizes this theory and states as follows:

"(1)(a) Now, when a woman charges a man with a rape, and testifies to the details, and the accused denies the act itself, its very commission thus coming into issue, the circumstance that at the time of the alleged rape the woman said nothing about it to anybody constitutes in effect a self-contradiction of the above sort. It was entirely natural, after becoming the victim of an assault against her will, that she should have spoken out. That she did not, that she went about as if nothing had happened, was in effect an assertion that nothing violent had been done.

"Thus, the *failure of the woman,* at the time of an alleged *rape,* to *make any complaint* could be offered in evidence (as all concede) as a virtual self-contradiction discrediting her present testimony.

"(b) So, where nothing appears on the trial as to the making of such a complaint, the jury might naturally assume that none was made, and counsel for the accused might be entitled to argue upon that assumption. As a peculiarity, therefore, of this kind of evidence, it is only just that the prosecution should be allowed to forestall this natural assumption by showing that the woman was *not silent,* i.e., that *a complaint was in fact made.*

"This apparently irregular process of negativing evidence not yet formally introduced by the opponent is regular enough in reality, because the impression upon the tribunal would otherwise be there as if the opponent had really offered evidence of the woman's silence.

Thus the essence of the process consists in the showing that the woman did *not* in fact behave with a silence inconsistent with her present story." (Emphasis in original.)

However, the majority of the cases decided in this state require the complaint to be fresh, *i.e.,* that it be made at the earliest possible opportunity. If not so made, then a reason for the delay is required before the fact of a delayed complaint can be admitted.

In *People v Black,* 231 Mich 48, 51–52; 203 NW 856 (1925), the Supreme Court stated as follows:

"The reason of the rule which permits such testimony would seem to exclude its use unless the complaint is immediately or recently made, or some reasonable explanation given for the delay. It has been said that it is so natural as to be almost inevitable that a woman, upon whom such a crime has been committed, will make an immediate complaint to some of her relatives or other close friends. Justice GRANT said in *People v Marrs,* 125 Mich [376] 379 [84 NW 284 (1900)], 'It is a strong circumstance against a woman that she made no immediate complaint.' We think the rule that excludes this testimony unless the complaint is immediate, or there is some explanation for the delay in making it, rests on reason and justice, and should be adhered to by the courts of this State. If the delay is explained it becomes a question for the jury. If not explained it is for the court. In *People v Gage,* 62 Mich 271 (4 Am. St. Rep. 854), the court said: ·

" 'The lapse of time occurring after the injury, and before complaint made, is not the test of admissibility of the evidence, but it may be considered as affecting its weight; and when complaint is not made promptly, the delay calls for explanation before the court will admit it.'

"It would seem that the first part of the above quotation is inconsistent with the latter part. But we take it that what the court meant in the first statement was that lapse of time alone is not the test because it may be explained and when explained it is for the jury to

say what weight shall be given to it as evidence. It is the test unless the delay is excused or explained."

A recognized excuse for delay in reporting a sexual assault is the youth of the victim, *e.g. People v Prescott,* 268 Mich 606; 256 NW564 (1934). Another exception might be the threat of further harm to the victim should she complain. The complaint to the city attorney was not a fresh complaint, and the prosecution offered no explanation of complainant's failure to complain of rape to the police officer who responded to her call on the evening of the alleged rape. Under *Black,* the testimony of the city attorney that the complaining witness made a complaint of rape was inadmissible.

An additional basis for finding the attorney's testimony inadmissible is the reference in it to defendant. *People v Rock,* 283 Mich 171; 277 NW 873 (1938). Details of the complaint, which include the identity of the attacker, are inadmissible unless fitting the res gestae exception to the hearsay rule. The court in *Rock* held reversible the admission of testimony about a complaint, made the morning after an alleged rape, in which the defendant was named as the attacker:

"We are constrained so to hold. The sense of outrage, immediately following such an assault, would be concomitant therewith and instinctively lead to complaint and, being so connected in cause, it would be removed from the danger of calculation, but evidence of repetition, with time intervening sufficient to be a studied utterance and cumulative, was wholly inadmissible. *People v Corder,* 244 Mich 274 [221 NW 309 (1928)]; *People v Baker,* 251 Mich 322 [232 NW 381 (1930)]." 283 Mich at 174.

Defendant's remaining issues do not merit discussion.

Reversed and remanded for a new trial.